Filed 12/9/25  P. v. Green CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085746 |
| v. | (Super.Ct.No. FVI1303443) |
| DAVID GREEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Albert Hsueh, Judge.  Dismissed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant David Green appeals the San Bernardino Superior Court's summary denial of his Penal Code[1] section 1172.1 petition for resentencing. We will dismiss defendant's appeal because the order is not appealable.

## BACKGROUND

In 2015, defendant was sentenced to a 16-year prison term after pleading guilty to assault with a firearm (§ 245, subd. (a)(2)) and admitting three enhancements. In December 2024, defendant filed a motion seeking resentencing pursuant to section 1172.1 on the grounds that the laws applicable to his sentencing changed after his judgment was entered and he is entitled to benefit from those changes.

The trial court declined to consider defendant's motion in March 2025. Defendant appealed and we appointed counsel to represent him.

Defendant's counsel has filed a no-issues brief in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232. Defendant did not respond to our invitation to file a supplemental brief.

## DISCUSSION

Section 1172.1 sets forth the procedures for resentencing a defendant who has been convicted of a felony offense and committed to the custody of the Secretary of the Department of Corrections and Rehabilitation (CDCR) or the custody of the county correctional administrator pursuant to subdivision (h) of section 1170. (§ 1172.1, subd. (a)(1).)

---

[1] All further statutory references are to the Penal Code.

2

In relevant part, section 1172.1 authorizes the trial court to recall and resentence defendant on its own motion at any time if the applicable sentencing laws in force when the defendant was originally sentenced have subsequently been changed by new statutory authority. (§ 1172.1, subd. (a).) Section 1172.1 also makes clear that defendants are not entitled to request consideration for relief under the statute and, if they do, the trial court is not required to respond. (§ 1172.1, subd. (c).)

Here, the trial court chose not to respond to defendant's request for section 1172.1 resentencing relief.

The right to appeal is determined by statute, and a party may not appeal a trial court's judgment, order, or ruling that is not expressly made appealable by statute. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237 limits a defendant's right to appeal postjudgment orders to those orders affecting the substantial rights of the party. (§ 1237, subd. (b).)

In a case like the present one in which the trial court does not have a statutory obligation to act on a defendant's motion, then that person is not deprived of any substantial rights if the court declines to respond. (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).) Accordingly, the court's decision not to grant defendant's request to recall and resentence him is not an appealable order. (*Faustinos*, at p. 696; *Hodge*, at p. 996.)

3

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

4